IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   CRIMINAL NO. PX-17-382 |
| CARLOS CARDENAS-BANEGAS, | * |
| | * |
| Defendant | * |
| | * |
| | * |

## MEMORANDUM OPINION

The Court has received Defendant's Motion for Review of Detention by Agreement ("Defendant's Motion"), ECF No. 542. The Court has reviewed Defendant's Motion and the opposition thereto. No hearing is deemed necessary. Local Rules 105.6 and 207 (D. Md.). The Court hereby DENIES Defendant's Motion.

### I.   Relevant Procedural History

On January 3, 2019, Defendant pled guilty to conspiracy to participate in a racketeering enterprise, 18 U.S.C. § 1962(d).[1] ECF No. 235. Defendant is currently detained while awaiting sentencing based on an Order of Detention by Agreement.[2] ECF No. 120. Defendant now seeks review of this Court's order of detention. Def.'s Mot. 1.

### II.   Analysis

Defendant seeks review of detention without listing any reasons. Def.'s Mot. 1. The Government on the other hand, avers that Defendant's Motion should be denied without a

---

[1] As part of his plea agreement, Defendant admitted to "having murdered Victim-10 by shooting him and to having attempted to murder Victim-9." Gov't Opp'n to Mot. to Rev. Det. Order 1, ECF No. 543 ("Gov't Opp'n").

[2] Defendant is currently facing a possible maximum life imprisonment.

hearing because "[Defendant] cannot meet the requirements under [18 U.S.C. § 3143(a)(2)(A)]." Gov't Opp'n 3. The Government further highlights Defendant's membership in "Mara Salvatrucha, or MS-13, a violent, transnational gang . . ." to show Defendant is a danger to the community. *Id*. at 4–6.

Under the Bail Reform Act, a defendant:

> [W]ho has been found guilty of [an offense for which the maximum sentence is life imprisonment] and is awaiting imposition of sentence shall be detained unless . . . there is a substantial likelihood that a motion for acquittal or new trial will be granted, or . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and . . . there is clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Further, a detention hearing determination:

> [M]ay be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a *material bearing* on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).

In this case, "Defendant pled guilty to RICO Conspiracy, which carries a maximum sentence of life in this case. Therefore, pursuant to 18 U.S.C. § 3142(f)(1)(B), the threshold requirements of § 3143(a)(2) apply." Gov't Opp'n 3. Defendant has not provided a discussion or evidence to meet his burden of showing: (1) a motion for acquittal or new trial will be granted; (2) an attorney for the Government has recommended a sentence of imprisonment be imposed; and, (3) that there is clear and convincing evidence that Defendant is not a flight risk or poses a danger to society. The Government makes clear that "[Defendant] pleaded guilty pursuant to a

written agreement and has not moved to withdraw.  Therefore, there is no possible avenue for acquittal and new trial is not a possibility.  And the Government has not and has no plans to recommend a sentence that does not include prison time." Gov't Opp'n 3.  As such, due to Defendant's failure to provide evidence stating otherwise, the Court finds Defendant did not meet his burden under 18 U.S.C. § 3143, release is not warranted.

Even assuming *arguendo* Defendant can meet his burden under the first two prongs of 18 U.S.C. § 3143, Defendant fails to show that there are conditions of release that assure Defendant will not flee and that Defendant is not a danger to society.  Defendant admitted to "participat[ing] directly and indirectly . . . [in] racketeering activity, including murder, robbery, extortion, and distribution of controlled substances including marijuana and cocaine, all in order to further the interests of the [MS-13] enterprise." Gov't Opp'n 4.  Detailing the heinousness of Defendant's actions, Defendant admitted to:

> . . . [driving] to a location near [Riverdale, Maryland] in [Defendant's van] and parked on the top of a hill overlooking the [victims'] residence.  [Defendant], Wilfredo Cardenas, and [Kevin Alexander Soriana-Hernandez ("Soriana")] exited the van, covered their faces with articles of clothing, and proceeded down the hill toward the [location].  At the time, Victim 9 and Victim 10 were in or near a 2001 Toyota Corolla (hereinafter "2001 Corolla").  Soriana fired multiple shots at the 2001 Toyota Corolla, Victim 9 and Victim 10, but did not strike either individual.  [Defendant] fired one shot at Victim 10, while Victim 10 was still seated in the 2001 Corolla, but [Defendant] could not fire any additional rounds because his firearm jammed.  Wilfredo Cardenas then approached Victim 10 and stabbed him multiple times.  All five individuals fled from the area in [Defendant's] van.  Victim 10 died as the result of his injuries.

Stipulation of Facts 12, ECF No. 235; Gov't Opp'n 4.  Given Defendant's plea, Defendant has shown that he is violent, has access to firearms and drugs, and is a part of a notoriously violent criminal organization.  All of which deem Defendant a danger to society.  The Court finds that

due to Defendant's past violence and criminal activities, there are no conditions of release which would reasonably assure the safety of other individuals and society.  18 U.S.C. § 3142(f).

The Court also finds that there are no conditions of release that will reasonably assure the Defendant's appearance as required.  The Government states that

> [Defendant] is 21 years old, and a citizen of Honduras.  He lacks legal status in the United States, and currently has an ICE detainer lodged against him.  Given the seriousness of the crime to which he pleaded guilty, the potential life sentence that he faces, and his lack of status is this country, he is unlikely to appear if released prior to sentencing.

Gov't Opp'n 5.  The Court agrees with the Government in that assuming ICE releases Defendant subsequent to Defendant's release from the Court's detainer order, there is no reasonable assurance that Defendant would not flee.  Given the current pandemonium surrounding the world due to COVID-19, the lengthy period of incarceration Defendant faces, and Defendant's lack of legal status in the United States, Defendant may be tempted now more than ever to flee the country and avoid sentencing.

### III. Conclusion

Due to Defendant's failure to meet his burden under 18 U.S.C. §§ 3142 and 3143 of the Bail Reform Act, the Court hereby DENIES Defendant's Motion.

May 20, 2020                                              /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/hjd